UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JUSTIN CRESPO AND FRANKLIN                          CIVIL ACTION
RUIZ

**versus**                                          No.  06-4667

LIBERTY MUTUAL FIRE                                 SECTION: "I"/1
INSURANCE COMPANY, ET AL.

ORDER AND REASONS

Before the Court are the  motions to dismiss or in the
alternative to strike class allegations filed by Liberty Mutual
Fire Insurance Company, Liberty Mutual Insurance Company ("LMIC"),
and Liberty Mutual Insurance Europe Limited ("LM Europe")
(collectively "Liberty Mutual").  Named plaintiffs in this matter
are Justin Crespo and Franklin Ruiz.  For the reasons that follow,
the motion to strike the class allegations is **GRANTED** and the
motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

*Background*

Plaintiffs own property in the New Orleans region that was damaged
by Hurricane Katrina.  Plaintiffs, who held Liberty Mutual property
and flood insurance policies at the time of damage,[1] have filed a
class action complaint against Liberty Mutual, alleging that
defendants engaged in a "wrongful scheme to delay, deny, or
underpay claims by repeatedly utilizing below market unit pricing
and nonpayment or intentional underpayment of industry standard

---

[1]Rec. Doc. No. 1, p. 4.

items," all in contravention of the policy terms and industry practices.[2]  Plaintiffs assert causes of action for breach of contract, "violation of state and federal laws pertaining to unfair trade practices," "failure to tender fair and adequate payment for casualty losses," and violations of La. R.S. 22:658, 22:658.2, and 22:1220.[3]

Liberty Mutual moves to dismiss these claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, stating that plaintiffs' claims fail because (1) they failed to identify any specific contractual provisions that Liberty Mutual has breached, (2) their unfair trade practices claims lack the requisite specificity under Rule 8(a), and (3) their state law claims as to flood insurance policies are preempted by federal law.

Liberty Mutual also moves, pursuant to Rule 12(b)(1), to dismiss defendants LMIC and LM Europe as neither named plaintiff was issued a policy by either entity.  Finally, Liberty Mutual moves, in the alternative to full dismissal of the complaint, to strike the class allegations pursuant to Rule 23(d)(4).[4]

### Law and Analysis

---

[2]Rec. Doc. No. 1, p. 5.

[3]Rec. Doc. No. 1, p. 11.  Plaintiffs also plead "other causes of action that will be determined at trial."  *Id.*

[4]Rec. Doc. No. 5-2.

**I. Rule 23 Class Certification**[5]

Plaintiffs filed their class action complaint on August 24, 2006.  On August 28, 2006, this Court ordered plaintiffs to move for class certification pursuant to Rule 23 within 90 days of August 24, 2006.[6]  On November 28, 2006, the Court granted plaintiffs an extension of 45 days within which to file for class certification.[7]  Plaintiffs have failed to file for class certification within the allotted time or to request an additional extension.  Therefore, the Court will not permit plaintiffs to proceed with their class allegations and, accordingly, those allegations shall be stricken.

**II. Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction.  Subsection (6) of the same rule provides for dismissal for the failure of a party to state a claim for which relief can be granted.  Where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United*

---

[5]For reasons that follow, the Court will not grant in full defendants' motion to dismiss.  Accordingly, the Court finds it most expedient to first address defendants' motion to strike class allegations under Rule 23.

[6]Rec. Doc. No. 2.

[7]Rec. Doc. No. 11.  By the Court's calculation, the time to file for class certification expired on January 8, 2007.

*States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (holding that where there are grounds for dismissal under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim on which relief can be granted, the "court should dismiss only on the jurisdictional ground . . . without reaching the question of failure to state a claim")). This approach "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Ramming*, 281 F.3d at 161. Where dismissal under Rule 12(b)(1) is appropriate, the plaintiff is not precluded from seeking relief in another forum with proper jurisdiction because no determination on the merits has been made. See *Hitt*, 561 F.2d at 608.

A Rule 12(b)(1) motion may be decided by the court on one of three bases: (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts. *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would

entitle plaintiff to relief." *Id.* (citation omitted).

Liberty Mutual moves, pursuant to Rule 12(b)(1), to dismiss defendants LMIC and LM Europe as neither named plaintiff was issued a policy by either entity. Plaintiffs consent to the dismissal of LM Europe, but contest the dismissal of LMIC.[8] However, LMIC must also be dismissed as plaintiffs lack standing to sue that entity.

The party invoking federal jurisdiction bears the burden of establishing the three elements of Article III standing. *Grant v. Gilbert*, 324 F.3d 383, 387 (5th Cir. 2003). This includes the requirement that a party "demonstrate a causal connection between his injury and defendants' conduct." *Id.* Lack of Article III standing is a defect in subject matter jurisdiction. *Int'l Transactions Ltd. v. Embotelladora Agral Regiomontana S.A. de C.V.*, No. 01-1140, 2006 WL 2217478, at *5 (N.D. Tex. Aug. 3, 2006). "Therefore, when a plaintiff lacks standing to sue in federal court, it is appropriate for this court to dismiss the action, pursuant to Rule 12(b)(1), for want of subject matter jurisdiction." *Id.* (citing *Chair King, Inc. v. Houston Cellular Corporation*, 131 F.3d 507, 509 (5th Cir. 1997); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986)).

Both plaintiffs held policies with Liberty Mutual Fire Insurance Company.[9] There is no evidence in the record that either

---

[8]Rec. Doc. No. 18, p. 10.

[9]Rec. Doc. No. 5-3, p. 2; Rec. Doc. No. 8-2, p. 2.

plaintiff held a policy with LMIC.  Therefore, there is no causal connection between the injuries that plaintiffs allege and LMIC and, therefore, LMIC must be dismissed as a party to this lawsuit.

**III. Rule 12(b)(6)**

**A. Standard**

Pursuant to Rule 12(b)(6), a district court cannot dismiss a complaint for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  The court will not look beyond the factual allegations in the complaint to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In assessing a claim, a court must accept all well-pleaded facts in the complaint as true and liberally construe all factual allegations in the light most favorable to the plaintiff.  *See Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  "However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.'"  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)) (alteration in

original).

The "complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). A plaintiff "is merely required to provide, in his complaint, a 'short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests.'" *Lewis v. Fed. Reserve Bank of Atlanta-New Orleans Branch,* No. Civ.A. 04-1452, 2004 WL 2035006, at *3 (E.D. La. Sept. 10, 2004) (quoting *Conley,* 355 U.S. at 47, 78 S. Ct. at 103). A complaint must allege sufficient facts for an inference to be drawn that the elements of the claim exist. *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990).

**B. Discussion**

Liberty Mutual first moves to dismiss plaintiffs' breach of contract claim for failure to allege breach of a specific policy provision. As defendants assert, the Fifth Circuit has held, "To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) (citing *Bergeron v. Pan Am. Assurance Co.*, 731 So. 2d 1037, 1045 (La. Ct. App. 4th Cir. 1999)).

-7-

Plaintiffs do not dispute that they have failed to cite particular policy provisions, but rather contest the interpretation of *Bergeron*.[10]  This Court is bound by the Fifth Circuit's direct holding on this issue.  However, rather than dismiss plaintiffs' claim on this basis, the Court will grant plaintiffs an opportunity to amend their complaint.  *See also Spiers v. Liberty Mutual Fire Insurance Co.*, No. 06-4493, slip op. at 6 (E.D. La. Nov. 21, 2006) (Feldman, J.); *Arias-Benn v. State Farm Fire & Casualty Insurance Company*, No. 05-6269, 2006 WL 1207951, at *2 (E.D. La. Apr. 26, 2006) (Berrigan, C.J.) (adhering to the Fifth Circuit's holding in *Louque* and granting plaintiffs leave to amend).  Therefore, the Court also will not at this juncture dismiss plaintiffs' claims under La. R.S. 22:658, 22:658.2, and 22:1220.[11]

Liberty Mutual next argues for dismissal of plaintiffs' unfair trade practice claims, arguing both that plaintiffs have failed to cite any specific statutes and that there is no such cause of action against insurers under Louisiana law.  As currently styled, plaintiffs' complaint merely states that defendants' alleged scheme "was in violation of both State and Federal Law concerning Unfair Business Practices."[12]  The Court agrees with defendants that this is an unacceptably vague pleading of an alleged statutory cause of

---

[10]Rec. Doc. No. 18, pp. 4-7.

[11]Defendants asserted that these claims must be dismissed if the breach of contract claim was dismissed.  Rec. Doc. No. 5-2, p. 6.

[12]Rec. Doc. No. 1, p. 9.

action.  *See Edwards v. Allstate Prop. & Cas. Ins. Co.*, 2005 U.S. Dist. LEXIS 1293, at *11 (E.D. La. Jan. 27, 2005) (Duval, J.) (dismissing with leave to amend where complaint was ambiguous and did not contain sufficient information to allow a responsive pleading to be framed).

As Liberty Mutual further argues, caselaw indicates that Louisiana state law does not support a private cause of action for unfair business practices in this instance.  *See, e.g., Travelers Indem. Co. v. Powell Ins. Co.*, No. 95-4188, 1996 WL 578030, at *5 (E.D. La. Oct. 4, 1996) (Vance, J.) (concluding that there is no private cause of action against insurance companies under either the Louisiana Unfair Trade Practices and Consumer Protection Act or the Louisiana Insurance Code).  Therefore, the Court will dismiss the unfair trade practices claims as currently pled, but will grant plaintiffs leave to amend their complaint to plead violation of a specific statute that permits a private right of recovery in this instance, should such a statute exist.  Likewise, plaintiffs' allegation of "other causes of action that will be determined at trial"[13] is clearly impermissibly vague and shall be dismissed.

Liberty Mutual finally asserts that plaintiffs' claims as to their flood insurance policies are preempted under federal law.  Plaintiffs concede this point, arguing only that their claims against homeowners, business, and commercial policies are

---

[13]Rec. Doc. No. 1, p. 11.

unaffected.[14]   State law claims arising from claims handling by a flood insurance provider are preempted by the National Flood Insurance Act and associated regulations.  *Gallup v. Omaha Property and Cas. Ins. Co.*, 434 F.3d 341, 345 (5th Cir. 2005).  Moreover, plaintiffs have failed to state a federal claim for breach of their flood insurance policies, as they have failed to plead the specific requirements for filing such claim.  *See* 44 C.F.R. pt 61, App. A(1), art. VII.[15]  Therefore, plaintiffs' claims as to their flood insurance policies must be dismissed.

Accordingly, for the reasons stated,

**IT IS ORDERED** that Liberty Mutual's motion[16] to strike class allegations is **GRANTED**.

**IT IS FURTHER ORDERED** that Liberty Mutual's motion to dismiss Liberty Mutual Insurance Company and Liberty Mutual Insurance Europe Limited is **GRANTED.**

**IT IS FURTHER ORDERED** that Liberty Mutual's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED IN PART** and **DENIED**

---

[14]Rec. Doc. No. 18, p. 9.

[15]Article VII(R) provides: "You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. ... This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy."  44 C.F.R. pt 61, App. A(1), art. VII(R).
The policy requirements are stated in Article VII(J), which dictates detailed requirements for proving and providing notice of flood loss.  *See id.* at art. VII(J).

[16]Rec. Doc. No. 5.

**IN PART** as follows:

1. Plaintiffs' unfair trade practices claim, as currently pled, and allegation of "other causes of action that will be determined at trial" are **DISMISSED,** with leave to amend as stated.

2. Plaintiffs are granted leave to amend their complaint **within fourteen days** as to plaintiffs' claims for breach of contract and unfair trade practices as detailed in this opinion.

3. Plaintiffs' state law claims as to their flood insurance policies are **DISMISSED WITH PREJUDICE.**[17]

4. Liberty Mutual's 12(b)(6) motion is otherwise **DENIED.**

New Orleans, Louisiana, January _____18th_____, 2007.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[17]Plaintiffs make no indication in their reply memorandum that they intend to pursue a federal claim for breach of the flood insurance policies. If plaintiffs have satisfied the legal requirements to pursue such a claim and intend to do so, plaintiffs may amend their complaint to pursue such a claim within the time allotted for amendment by this Order.